This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Harry Schurr, R. S., Lisa Schurr v. MJJ Ventures LLC d/b/a Taylor's Naturals

| | |
|---|---|
| Case Number | 22D03-2503-PL-000521 |
| Court | Floyd Superior Court 3 |
| Type | PL - Civil Plenary |
| Filed | 03/28/2025 |
| Status | 03/28/2025 , Pending  (active) |

### Parties to the Case

**Defendant**   MJJ Ventures LLC d/b/a Taylor's Naturals

Address
33777 N. Scottsdale Rd
Suite 120
Scottsdale, AZ 85266

**Plaintiff**   Schurr, Harry

Attorney
Edward Smid
*#3013449, Retained*

Smid Law LLC
12115 Visionary Way
Suite 174
Fishers, IN 46038
317-690-9369(W)

**Plaintiff**   S., R.

Attorney
Edward Smid
*#3013449, Retained*

Smid Law LLC
12115 Visionary Way
Suite 174
Fishers, IN 46038
317-690-9369(W)

**Plaintiff**   Schurr, Lisa

Attorney
Edward Smid
*#3013449, Retained*

Smid Law LLC
12115 Visionary Way
Suite 174
Fishers, IN 46038
317-690-9369(W)

### Chronological Case Summary

| 03/28/2025 | **Case Opened as a New Filing** |
|---|---|
| 03/31/2025 | **Appearance Filed** |
| | Appearance: Edward M Smid |
| | For Party:  Schurr, Harry |
| | For Party:  S., R. |
| | For Party:  Schurr, Lisa |
| | File Stamp:  03/28/2025 |



| 03/31/2025 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons: MJJ Ventures, CM | |
| | Filed By: | Schurr, Harry |
| | Filed By: | S., R. |
| | Filed By: | Schurr, Lisa |
| | File Stamp: | 03/28/2025 |

| 03/31/2025 | **Complaint/Equivalent Pleading Filed** | |
|---|---|---|
| | Complaint For Damages | |
| | Filed By: | Schurr, Harry |
| | Filed By: | S., R. |
| | Filed By: | Schurr, Lisa |
| | File Stamp: | 03/28/2025 |

| 03/31/2025 | **Summons** |
|---|---|
| | Requested By: |
| | • S., R. |
| | • Schurr, Harry |
| | • Schurr, Lisa |
| | |
| | Parties: |
| | MJJ Ventures LLC d/b/a Taylor's Naturals |
| |     Status: |
| |     Unserved |
| |     Anticipated Method: |
| |     Registered or Certified Mail |

| 04/23/2025 | **Service Returned Served (E-Filing)** | |
|---|---|---|
| | Return Of Service | |
| | Filed By: | Schurr, Harry |
| | Filed By: | S., R. |
| | Filed By: | Schurr, Lisa |
| | File Stamp: | 04/22/2025 |

| 04/23/2025 | **Service Returned Served (E-Filing)** | |
|---|---|---|
| | Exhibit A | |
| | Filed By: | Schurr, Harry |
| | Filed By: | S., R. |
| | Filed By: | Schurr, Lisa |
| | File Stamp: | 04/22/2025 |

## Financial Information

* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

### Schurr, Harry
Plaintiff

Balance Due (as of 05/07/2025)
0.00

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 232.00 | 0.00 | 232.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 03/31/2025 | Transaction Assessment | 232.00 |
| 03/31/2025 | Electronic Payment | (232.00) |

| | This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record. |
|---|---|

| STATE OF INDIANA | ) | IN THE FLOYD CIRCUIT/SUPERIOR COURT |
|---|---|---|
| COUNTY OF FLOYD | ) ) | CAUSE NO. |

HARRY SCHURR and )
LISA SCHURR, individually and )
on behalf of their minor child, )
R.S., )
  )
    Plaintiffs, )
  )
v. )
  )
MJJ VENTURES LLC )
d/b/a TAYLOR'S NATURALS, )
  )
    Defendant. )

## APPEARANCE

1. The party on whose behalf this form is being filed is:

   Initiating ___X___   Responding _____   Intervening _____; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   **Plaintiffs HARRY SCHURR, LISA SCHURR, and R.S.**

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

   Edward M. Smid (30134-49)
   Smid & Merchant LLC
   12115 Visionary Way, Suite 174
   Fishers, IN 46038
   Direct PH:   (317) 690-9369
   Fax:         (317) 458-2086
   E:           esmid@smidlaw.com

   Michael J. Bruzzese (33756-49)
   Smid & Merchant LLC
   12115 Visionary Way, Suite 174
   Fishers, IN 46038

|  |  |
|---|---|
| Direct PH: | (773) 350-9828 |
| Fax: | (317) 458-2086 |
| E: | mbruzzese@smidlaw.com |

**IMPORTANT**: Each attorney specified on this appearance:
(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and
(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).
Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a **PL** case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ____ No _X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No _X___ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:
   _____   Attorney's address
   _____   The Attorney General Confidentiality program address
              (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).
   _____   Another address (provide) _____
   This case involves a petition for involuntary commitment. Yes ____ No _X___

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:
   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____
   b. State of Residence of person subject to petition: _____
   c. At least one of the following pieces of identifying information:
      (i) Date of Birth _____
      (ii) Driver's License Number _____
           State where issued _____ Expiration date _____
      (iii) State ID number _____
           State where issued _____ Expiration date _____
      (iv) FBI number _____

    (v)  Indiana Department of Corrections Number _____
    (vi)  Social Security Number is available and is being provided in an attached confidential document Yes \_\_\_\_ No \_\_\_\_

7. There are related cases: Yes \_\_\_\_ No  X   *(If yes, list on continuation page.)*

8. Additional information required by local rule: _____

9. There are other party members: Yes \_\_\_\_ No  X   *(If yes, list on continuation page.)*

10. This form **has not** been served on all other parties via the Court's electronic filing system.

                Respectfully submitted

                */s/ Edward Smid*
                Edward M. Smid (30134-49)
                Smid & Merchant LLC
                12115 Visionary Way, Suite 174
                Fishers, IN 46038
                Direct PH:   (317) 690-9369
                Fax:          (317) 458-2086
                E:             esmid@smidlaw.com

                *Attorney for Plaintiffs*

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE FLOYD CIRCUIT/SUPERIOR COURT |
| | ) | |
| COUNTY OF FLOYD | ) | CAUSE NO. |

HARRY SCHURR and )
LISA SCHURR, individually and )
on behalf of their minor child, )
R.S., )
　　　　　　　　　　　　　　　　　　)
　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　　)
MJJ VENTURES LLC )
d/b/a TAYLOR'S NATURALS, )
　　　　　　　　　　　　　　　　　　)
　　Defendant. )

## SUMMONS

To Respondent:　　MJJ Ventures LLC d/b/a Taylor's Naturals
　　　　　　　　　　c/o Julie Heuer, its Registered Agent
　　　　　　　　　　33777 N. Scottsdale Rd, Suite 120
　　　　　　　　　　Scottsdale, AZ 85266

　　　　You are hereby notified that you have been sued by the persons named as Plaintiffs and in the Court indicated above. The nature of this matter against you is stated in the Complaint for Damages which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiffs.

　　　　An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the date after you receive this Summons (or twenty-three (23) days if this Summons was received by mail), or a judgement by default may be rendered against you for the relief demanded by Plaintiffs. If you have a claim for relief against the Plaintiffs arising from the same transaction or occurrence, you must assert it in your written answer.

Date: 3/31/2025　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Clerk, Floyd Co. _____ Court

1

**(The following manner of service of summons is hereby designated.)**

  XX   Registered or certified mail.
\_\_\_\_\_ Service at place of employment, to-wit:
\_\_\_\_\_ Service on individual via private process server – (personal copy) at above address

 

/s/ *Edward Smid*
Edward M. Smid (30134-49)
Smid & Merchant LLC
12115 Visionary Way, Suite 174
Fishers, IN 46038
Direct PH:    (317) 690-9369
Fax:    (317) 458-2086
E:    esmid@smidlaw.com

*Attorney for Plaintiffs*

2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE FLOYD CIRCUIT/SUPERIOR COURT |
| | ) | |
| COUNTY OF FLOYD | ) | CAUSE NO. |

| | |
|---|---|
| HARRY SCHURR and | ) |
| LISA SCHURR, individually and | ) |
| on behalf of their minor child, | ) |
| R.S., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MJJ VENTURES LLC | ) |
| d/b/a TAYLOR'S NATURALS, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiffs, in support of their Complaint for Damages against Defendant MJJ Ventures LLC d/b/a Taylor's Naturals ("Taylor's Naturals"), state:

1. Plaintiffs are residents of Floyd County, Indiana.

2. Defendant is an Arizona company with its principal place of business in Scottsdale, Arizona.

3. At all relevant times, Defendant manufactured, sold, and placed into the stream of commerce a variety of health and beauty products.

4. At all relevant times, Defendant manufactured, sold, and placed into the stream of commerce a product called "BALM! Baby Teeth Paste".

5. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is an "All Natural Flouride Free Kids Toothpaste".

6. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is "SAFE TO SWALLOW & FOR ALL AGES".

7. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste contains "ALL NATURAL & SAFE INGREDIENTS".

8. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste contains "ALL GOOD STUFF – NO BAD STUFF".

9. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is "HAND CRAFTED in small batches by Taylor's Naturals … in the USA – where high-quality ingredients, sustainability and Good Manufacturing Practices (GMP) go hand-in-hand!"

10. On September 13, 2022, Plaintiffs purchased a jar of BALM! Baby Teeth Paste from Defendant.

11. After that purchase, Plaintiffs started using BALM! Baby Teeth Paste right away to brush the incoming teeth of their infant child, Plaintiff R.S., a minor who at that time was under the age of one.

12. From September 2022 through March of 2023, Plaintiffs continued to use BALM! Baby Teeth Paste to brush the incoming teeth of their infant child, Plaintiff R.S., a minor.

13. During that time, Plaintiffs took R.S. to her pediatrician for her one-year checkup, during which R.S.'s pediatrician took a routine blood sample.

14. Lab results from that blood draw showed that R.S. had been exposed to lead.

15. On March 30, 2023, the Floyd County Health Department conducted a risk assessment of multiple items and locations in both the interior and exterior of Plaintiffs' residence to determine the source of the lead.

16. Thereafter, the Floyd County Health Department's lab results confirmed one source of lead contamination at Plaintiffs' residence: BALM! Baby Teeth Paste.

17. R.S., a minor, was exposed to lead contained in Taylor's Naturals' BALM! Baby Teeth Paste for several months, causing irreparable harm.

## Count I – Strict Liability

18. Plaintiffs reallege paragraphs 1 through 17 as if fully set forth here and incorporate them by reference.

19. Defendant is engaged in the business of selling health and beauty products, including BALM! Baby Teeth Paste.

20. At all relevant times, Defendant designed and manufactured health and beauty products and placed them into the stream of commerce in the State of Indiana.

21. At all relevant times, Defendant designed and manufactured BALM! Baby Teeth Paste and placed it into the stream of commerce in the State of Indiana.

22. Defendant is a "seller", as that term is defined under the Indiana Product Liability Act, I.C. § 34-20-1-1, *et. seq.*

23. At the time it was purchased, BALM! Baby Teeth Paste was contaminated with lead.

24. The lead-contaminated BALM! Baby Teeth Paste was in a defective condition and unreasonably dangerous to any user or consumer.

25. The lead-contaminated BALM! Baby Teeth Paste should be expected to and in fact did reach Plaintiffs without substantial alteration.

26. The lead-contaminated BALM! Baby Teeth Paste should be expected to and in fact did reach Plaintiffs in the same condition the product was in when the product was sold by Defendant.

27. Plaintiffs are in the class of persons that Defendant should reasonably foresee as intended users of their products.

28. Plaintiffs are in the class of persons that Defendant should reasonably foresee as being subject to harm caused by the use of their defective products.

29. Plaintiffs are in the class of persons that Defendant should reasonably foresee as being subject to harm caused by the use of lead-contaminated BALM! Baby Teeth Paste.

30. Defendants should reasonably foresee that anyone, including Plaintiffs, will suffer harm if they use the lead-contaminated BALM! Baby Teeth Paste.

WHEREFORE, Plaintiffs request judgment against the Defendant, holding Defendant strictly liable for placing a defective product into the stream of commerce, for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

### Count II – Negligent Design

31. Plaintiffs reallege paragraphs 1 through 30 as if fully set forth here and incorporate them by reference.

32. At all relevant times, Defendant exercised decision-making control over the formula of BALM! Baby Teeth Paste.

33. At all relevant times, Defendant exercised decision-making control over the ingredients used in BALM! Baby Teeth Paste.

34. BALM! Baby Teeth Paste was sold to the public in a condition not contemplated by reasonable persons among those considered expected users or consumers of the product.

35. BALM! Baby Teeth Paste was sold to the public in a condition that was unreasonably dangerous to the expected user or consumer when used in reasonably expectable ways of handling or consumption.

36. BALM! Baby Teeth Paste was sold to the public in a defective condition.

37. BALM! Baby Teeth Paste was sold to the public containing lead.

38. Defendant failed to exercise reasonable care in designing/formulating BALM! Baby Teeth Paste and was therefore negligent.

39. On September 13, 2022, Plaintiffs purchased BALM! Baby Teeth Paste for use with their infant daughter R.S.

40. As a result of Defendant's negligence, Plaintiffs were injured, incurred past and future medical expenses, permanent injuries, and physical and emotional pain and suffering.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

## Count III – Negligent Warning

41. Plaintiffs reallege paragraphs 1 through 40 as if fully set forth here and incorporate them by reference.

42. Defendant failed to properly package and/or label BALM! Baby Teeth Paste to give reasonable warnings of danger about the product.

43. Defendant, by exercising reasonable diligence, could have warned purchasers and consumers that BALM! Baby Teeth Paste contained lead.

44. Because Defendant could have but chose not to properly warn consumers that BALM! Baby Teeth Paste contained lead, BALM! Baby Teeth Paste is "defective," as that term is defined under the Indiana Product Liability Act, I.C. § 34-20-1-1, *et. seq.*

45. As a result of Defendant's negligence, Plaintiffs were injured, incurred past and future medical expenses, permanent injuries, and physical and emotional pain and suffering.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

Count IV – Deceptive Consumer Sales Act

46. Plaintiffs reallege paragraphs 1 through 45 as if fully set forth here and incorporate them by reference.

47. On September 13, 2022, Plaintiffs purchased a jar of BALM! Baby Teeth Paste from Defendant.

48. Plaintiffs' September 13, 2022, purchase of BALM! Baby Teeth Paste was a 'consumer transaction,' as that term is defined under the Deceptive Consumer Sales Act, I.C. § 24-5-0.5-1, *et. seq.*

49. Defendant is a "supplier," as that term is defined under the Deceptive Consumer Sales Act, I.C. § 24-5-0.5-1, *et. seq.*

50. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is an "All Natural Flouride Free Kids Toothpaste".

51. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is "SAFE TO SWALLOW & FOR ALL AGES".

52. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste contains "ALL NATURAL & SAFE INGREDIENTS".

53. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste contains "ALL GOOD STUFF – NO BAD STUFF".

54. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is "HAND CRAFTED in small batches by Taylor's Naturals … in the USA – where high-quality ingredients, sustainability and Good Manufacturing Practices (GMP) go hand-in-hand!"

5

55. In fact, the BALM! Baby Teeth Paste purchased from Defendant on September 13, 2022, contained lead.

56. Defendant's representations of safety were false.

57. Defendant's representations of safety constitute "incurable deceptive acts," as that term is defined under the Deceptive Consumer Sales Act, I.C. § 24-5-0.5-1, *et. seq.*

58. Defendant made multiple representations to Plaintiffs and the public that BALM! Baby Teeth Paste was safe, when Defendant knew or should have known that the presence of lead made the product unsafe.

59. Defendant engaged in "unfair," "abusive," and "deceptive acts and omissions," as those term are defined under the Deceptive Consumer Sales Act, I.C. § 24-5-0.5-1, *et. seq.*

60. Due to Defendant's deception, Plaintiffs were injured, incurred past and future medical expenses, permanent injuries, and physical and emotional pain and suffering.

61. Because Defendant's actions constitute incurable deceptive acts, Plaintiffs are entitled to triple damages and attorney fees.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, triple damages, attorney fees, and all other proper relief.

## Count V – Negligence

62. Plaintiffs reallege paragraphs 1 through 61 as if fully set forth here and incorporate them by reference.

63. Defendant owed a duty of reasonable care in the design, production, and/or testing of BALM! Baby Teeth Paste.

64. Defendant breached that duty as described herein.

65. Plaintiffs have been damaged as a result of Defendant's conduct.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

Count VI – Fraud

66. Plaintiffs reallege paragraphs 1 through 65 as if fully set forth here and incorporate them by reference.

67. On September 13, 2022, Defendant made various material misrepresentations concerning its BALM! Baby Teeth Paste as described above in its advertising on both its website and on Amazon.

68. Defendant knew the statements in its advertising were false or acted with reckless disregard for their truth.

69. Defendant intended for potential purchasers like the Plaintiffs to rely on the false statements to induce them to purchase the BALM! Baby Teeth Paste.

70. Plaintiffs did in fact rely on Defendant's material misrepresentations and purchased the BALM! Baby Teeth Paste on September 13, 2022, through Amazon.

71. Plaintiffs have been damaged as described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, triple damages, attorney fees, and all other proper relief including without limitation all damages available under Indiana's Crime Victims Relief Act, I.C. § 34-24-3-1, *et. seq.*

Count VII – Negligent and Intentional Infliction of Emotional Distress

72. Plaintiffs reallege paragraphs 1 through 71 as if fully set forth here and incorporate them by reference.

73. Defendant owed Plaintiffs a duty to avoid causing emotional harm.

74. Defendant breached that duty by its conduct described herein.

75. Defendant's conduct was so outrageous that it went beyond all bounds of decency.

76. Defendant acted willfully or with reckless disregard of the harm it would cause.

77. Defendant's breach caused serious emotional harm to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future

medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

### Count VIII – Punitive Damages

78. Plaintiffs reallege paragraphs 1 through 77 as if fully set forth here and incorporate them by reference.

79. Defendant knowingly and/or recklessly sold Plaintiffs a baby product containing lead.

80. Such actions constitute a deliberate disregard for public safety.

WHEREFORE, Plaintiffs demand the judgment against Defendant include punitive damages to deter Defendant and others from such conduct in the future.

### Jury Trial Demand

Plaintiffs respectfully request trial by jury on all issues.

Respectfully submitted,

/s/ *Edward Smid*
Edward M. Smid (30134-49)
Smid & Merchant LLC
12115 Visionary Way, Suite 174
Fishers, IN 46038
Direct PH:   (317) 690-9369
Fax:         (317) 458-2086
E:           esmid@smidlaw.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE FLOYD CIRCUIT/SUPERIOR COURT |
| | ) | |
| COUNTY OF FLOYD | ) | CAUSE NO. 22D03-2503-PL-000521 |

| | |
|---|---|
| HARRY SCHURR and | ) |
| LISA SCHURR, individually and | ) |
| on behalf of their minor child, | ) |
| R.S., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MJJ VENTURES LLC | ) |
| d/b/a TAYLOR'S NATURALS, | ) |
| | ) |
| Defendant. | ) |

## RETURN OF SERVICE

I certify that on April 2, 2025, a Summons and Complaint for Damages were served by certified mail on the following:

> MJJ Ventures LLC d/b/a Taylor's Naturals
> c/o Julie Heuer, its Registered Agent
> 33777 N. Scottsdale Rd, Suite 120
> Scottsdale, AZ 852

The USPS Return Receipt showing delivery on April 17, 2025, is attached hereto as **Exhibit A**.

Respectfully Submitted,

*/s/ Edward M. Smid*
Edward M. Smid (30134-49)
Smid & Merchant LLC
12115 Visionary Way, Suite 174
Fishers, IN 46038
Direct: (317) 690-9369
Fax: (317) 458-2086
*esmid@smidlaw.com*

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 22, 2025, the foregoing was served by US Mail to:

> MJJ Ventures LLC d/b/a Taylor's Naturals
> c/o Julie Heuer, its Registered Agent
> 33777 N. Scottsdale Rd, Suite 120
> Scottsdale, AZ 852

/s/ Edward M. Smid

2

**UNITED STATES POSTAL SERVICE**

April 22, 2025

Dear Edward Smid:

The following is in response to your request for proof of delivery on your item with the tracking number: **9507 1065 9041 5092 0178 25**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | April 17, 2025, 10:54 am |
| **Location:** | SCOTTSDALE, AZ 85266 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | JULIE HEVER |

## Shipment Details

| | |
|---|---|
| **Weight:** | 3.0oz |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | *Julie Hever* (signature) |
| Address of Recipient: | 33777 N. Scottsdale Rd |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004