| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE FLOYD CIRCUIT/SUPERIOR COURT |
| | ) | |
| COUNTY OF FLOYD | ) | CAUSE NO. |

| | |
|---|---|
| HARRY SCHURR and | ) |
| LISA SCHURR, individually and | ) |
| on behalf of their minor child, | ) |
| R.S., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MJJ VENTURES LLC | ) |
| d/b/a TAYLOR'S NATURALS, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiffs, in support of their Complaint for Damages against Defendant MJJ Ventures LLC d/b/a Taylor's Naturals ("Taylor's Naturals"), state:

1. Plaintiffs are residents of Floyd County, Indiana.

2. Defendant is an Arizona company with its principal place of business in Scottsdale, Arizona.

3. At all relevant times, Defendant manufactured, sold, and placed into the stream of commerce a variety of health and beauty products.

4. At all relevant times, Defendant manufactured, sold, and placed into the stream of commerce a product called "BALM! Baby Teeth Paste".

5. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is an "All Natural Flouride Free Kids Toothpaste".

6. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is "SAFE TO SWALLOW & FOR ALL AGES".

7. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste contains "ALL NATURAL & SAFE INGREDIENTS".

8. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste contains "ALL GOOD STUFF – NO BAD STUFF".

9. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is "HAND CRAFTED in small batches by Taylor's Naturals … in the USA – where high-quality ingredients, sustainability and Good Manufacturing Practices (GMP) go hand-in-hand!"

10. On September 13, 2022, Plaintiffs purchased a jar of BALM! Baby Teeth Paste from Defendant.

11. After that purchase, Plaintiffs started using BALM! Baby Teeth Paste right away to brush the incoming teeth of their infant child, Plaintiff R.S., a minor who at that time was under the age of one.

12. From September 2022 through March of 2023, Plaintiffs continued to use BALM! Baby Teeth Paste to brush the incoming teeth of their infant child, Plaintiff R.S., a minor.

13. During that time, Plaintiffs took R.S. to her pediatrician for her one-year checkup, during which R.S.'s pediatrician took a routine blood sample.

14. Lab results from that blood draw showed that R.S. had been exposed to lead.

15. On March 30, 2023, the Floyd County Health Department conducted a risk assessment of multiple items and locations in both the interior and exterior of Plaintiffs' residence to determine the source of the lead.

16. Thereafter, the Floyd County Health Department's lab results confirmed one source of lead contamination at Plaintiffs' residence: BALM! Baby Teeth Paste.

17. R.S., a minor, was exposed to lead contained in Taylor's Naturals' BALM! Baby Teeth Paste for several months, causing irreparable harm.

Count I – Strict Liability

18. Plaintiffs reallege paragraphs 1 through 17 as if fully set forth here and incorporate them by reference.

19. Defendant is engaged in the business of selling health and beauty products, including BALM! Baby Teeth Paste.

20. At all relevant times, Defendant designed and manufactured health and beauty products and placed them into the stream of commerce in the State of Indiana.

21. At all relevant times, Defendant designed and manufactured BALM! Baby Teeth Paste and placed it into the stream of commerce in the State of Indiana.

22. Defendant is a "seller", as that term is defined under the Indiana Product Liability Act, I.C. § 34-20-1-1, *et. seq.*

23. At the time it was purchased, BALM! Baby Teeth Paste was contaminated with lead.

24. The lead-contaminated BALM! Baby Teeth Paste was in a defective condition and unreasonably dangerous to any user or consumer.

25. The lead-contaminated BALM! Baby Teeth Paste should be expected to and in fact did reach Plaintiffs without substantial alteration.

26. The lead-contaminated BALM! Baby Teeth Paste should be expected to and in fact did reach Plaintiffs in the same condition the product was in when the product was sold by Defendant.

27. Plaintiffs are in the class of persons that Defendant should reasonably foresee as intended users of their products.

28. Plaintiffs are in the class of persons that Defendant should reasonably foresee as being subject to harm caused by the use of their defective products.

29. Plaintiffs are in the class of persons that Defendant should reasonably foresee as being subject to harm caused by the use of lead-contaminated BALM! Baby Teeth Paste.

30. Defendants should reasonably foresee that anyone, including Plaintiffs, will suffer harm if they use the lead-contaminated BALM! Baby Teeth Paste.

WHEREFORE, Plaintiffs request judgment against the Defendant, holding Defendant strictly liable for placing a defective product into the stream of commerce, for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

## Count II – Negligent Design

31. Plaintiffs reallege paragraphs 1 through 30 as if fully set forth here and incorporate them by reference.

32. At all relevant times, Defendant exercised decision-making control over the formula of BALM! Baby Teeth Paste.

33. At all relevant times, Defendant exercised decision-making control over the ingredients used in BALM! Baby Teeth Paste.

34. BALM! Baby Teeth Paste was sold to the public in a condition not contemplated by reasonable persons among those considered expected users or consumers of the product.

35. BALM! Baby Teeth Paste was sold to the public in a condition that was unreasonably dangerous to the expected user or consumer when used in reasonably expectable ways of handling or consumption.

36. BALM! Baby Teeth Paste was sold to the public in a defective condition.

37. BALM! Baby Teeth Paste was sold to the public containing lead.

38. Defendant failed to exercise reasonable care in designing/formulating BALM! Baby Teeth Paste and was therefore negligent.

39. On September 13, 2022, Plaintiffs purchased BALM! Baby Teeth Paste for use with their infant daughter R.S.

40. As a result of Defendant's negligence, Plaintiffs were injured, incurred past and future medical expenses, permanent injuries, and physical and emotional pain and suffering.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

## Count III – Negligent Warning

41. Plaintiffs reallege paragraphs 1 through 40 as if fully set forth here and incorporate them by reference.

42. Defendant failed to properly package and/or label BALM! Baby Teeth Paste to give reasonable warnings of danger about the product.

43. Defendant, by exercising reasonable diligence, could have warned purchasers and consumers that BALM! Baby Teeth Paste contained lead.

44. Because Defendant could have but chose not to properly warn consumers that BALM! Baby Teeth Paste contained lead, BALM! Baby Teeth Paste is "defective," as that term is defined under the Indiana Product Liability Act, I.C. § 34-20-1-1, *et. seq.*

45. As a result of Defendant's negligence, Plaintiffs were injured, incurred past and future medical expenses, permanent injuries, and physical and emotional pain and suffering.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

Count IV – Deceptive Consumer Sales Act

46. Plaintiffs reallege paragraphs 1 through 45 as if fully set forth here and incorporate them by reference.

47. On September 13, 2022, Plaintiffs purchased a jar of BALM! Baby Teeth Paste from Defendant.

48. Plaintiffs' September 13, 2022, purchase of BALM! Baby Teeth Paste was a 'consumer transaction,' as that term is defined under the Deceptive Consumer Sales Act, I.C. § 24-5-0.5-1, *et. seq.*

49. Defendant is a "supplier," as that term is defined under the Deceptive Consumer Sales Act, I.C. § 24-5-0.5-1, *et. seq.*

50. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is an "All Natural Flouride Free Kids Toothpaste".

51. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is "SAFE TO SWALLOW & FOR ALL AGES".

52. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste contains "ALL NATURAL & SAFE INGREDIENTS".

53. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste contains "ALL GOOD STUFF – NO BAD STUFF".

54. At all relevant times, Defendant advertised that BALM! Baby Teeth Paste is "HAND CRAFTED in small batches by Taylor's Naturals … in the USA – where high-quality ingredients, sustainability and Good Manufacturing Practices (GMP) go hand-in-hand!"

55. In fact, the BALM! Baby Teeth Paste purchased from Defendant on September 13, 2022, contained lead.

56. Defendant's representations of safety were false.

57. Defendant's representations of safety constitute "incurable deceptive acts," as that term is defined under the Deceptive Consumer Sales Act, I.C. § 24-5-0.5-1, *et. seq.*

58. Defendant made multiple representations to Plaintiffs and the public that BALM! Baby Teeth Paste was safe, when Defendant knew or should have known that the presence of lead made the product unsafe.

59. Defendant engaged in "unfair," "abusive," and "deceptive acts and omissions," as those term are defined under the Deceptive Consumer Sales Act, I.C. § 24-5-0.5-1, *et. seq.*

60. Due to Defendant's deception, Plaintiffs were injured, incurred past and future medical expenses, permanent injuries, and physical and emotional pain and suffering.

61. Because Defendant's actions constitute incurable deceptive acts, Plaintiffs are entitled to triple damages and attorney fees.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, triple damages, attorney fees, and all other proper relief.

## Count V – Negligence

62. Plaintiffs reallege paragraphs 1 through 61 as if fully set forth here and incorporate them by reference.

63. Defendant owed a duty of reasonable care in the design, production, and/or testing of BALM! Baby Teeth Paste.

64. Defendant breached that duty as described herein.

65. Plaintiffs have been damaged as a result of Defendant's conduct.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

## Count VI – Fraud

66. Plaintiffs reallege paragraphs 1 through 65 as if fully set forth here and incorporate them by reference.

67. On September 13, 2022, Defendant made various material misrepresentations concerning its BALM! Baby Teeth Paste as described above in its advertising on both its website and on Amazon.

68. Defendant knew the statements in its advertising were false or acted with reckless disregard for their truth.

69. Defendant intended for potential purchasers like the Plaintiffs to rely on the false statements to induce them to purchase the BALM! Baby Teeth Paste.

70. Plaintiffs did in fact rely on Defendant's material misrepresentations and purchased the BALM! Baby Teeth Paste on September 13, 2022, through Amazon.

71. Plaintiffs have been damaged as described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, court costs, triple damages, attorney fees, and all other proper relief including without limitation all damages available under Indiana's Crime Victims Relief Act, I.C. § 34-24-3-1, *et. seq.*

## Count VII – Negligent and Intentional Infliction of Emotional Distress

72. Plaintiffs reallege paragraphs 1 through 71 as if fully set forth here and incorporate them by reference.

73. Defendant owed Plaintiffs a duty to avoid causing emotional harm.

74. Defendant breached that duty by its conduct described herein.

75. Defendant's conduct was so outrageous that it went beyond all bounds of decency.

76. Defendant acted willfully or with reckless disregard of the harm it would cause.

77. Defendant's breach caused serious emotional harm to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendant for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future

medical expenses, lost wages and time, other special expenses, court costs, and all other proper relief.

## Count VIII – Punitive Damages

78. Plaintiffs reallege paragraphs 1 through 77 as if fully set forth here and incorporate them by reference.

79. Defendant knowingly and/or recklessly sold Plaintiffs a baby product containing lead.

80. Such actions constitute a deliberate disregard for public safety.

WHEREFORE, Plaintiffs demand the judgment against Defendant include punitive damages to deter Defendant and others from such conduct in the future.

## Jury Trial Demand

Plaintiffs respectfully request trial by jury on all issues.

Respectfully submitted,

/s/ *Edward Smid*
Edward M. Smid (30134-49)
Smid & Merchant LLC
12115 Visionary Way, Suite 174
Fishers, IN 46038
Direct PH:   (317) 690-9369
Fax:         (317) 458-2086
E:           esmid@smidlaw.com